DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Bradley Motorsports, Inc., | ) | |
| | ) | CASE NO. 3:02CV7535 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Resolving Doc. No. 78) |
| Ray Parsons, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

The defendants have filed a motion in limine to prohibit the plaintiff from offering any evidence of a monetary settlement received by Parsons from litigation resulting from a 1999 motor vehicle accident which left him a quadriplegic and of any unrelated oral contracts Parsons has had with other racing teams. (Doc. No. 78.)

Motions in limine serve a useful purpose of assisting the court in anticipating evidentiary issues that may arise in the course of the trial. But frequently, a premature ruling might serve to prejudice one party or the other.

In this case, the plaintiff claims the existence of an oral contract which the defendants deny. The resolution of this case will probably turn on credibility. Against that background, the plaintiff should be allowed to ask the defendant if he had funds available to pay $500,000. If the answer is yes, then there would seem to be no additional need to explore the issue. Secondly, if the defendant was asked if he had entered into oral agreements in the past that were similar in nature, and he answered in the affirmative, only limited additional questioning on that subject would appear appropriate.

(3:02CV7535)

The motion in limine is DENIED, but questioning by the plaintiff on the two issues will be subject to the limitations outlined herein.

IT IS SO ORDERED.

| | |
|---|---|
|  June 10, 2005 |  */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |